UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Williams, | ) | Cr. No.: 6:07-cr-01207-GRA-1 |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion to compel his trial counsel to provide him free copies of hearing transcripts and the indictment.

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Petitioner desires copies of the indictment and transcripts in his case to aid in preparing a motion for relief under 28 U.S.C. § 2255 (2006). However, Petitioner provides no reason[1] why his former attorney, in particular, should furnish Petitioner the

---

[1]    Although Petitioner cites *Holland v. Florida*, *** U.S. ****, 130 S. Ct. 2549 (2010), in support of his Motion, *Holland* is inapposite. *Holland* deals with equitable tolling of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. *See* 130 S. Ct. at 2564. In no way does *Holland* specifically empower district courts to compel attorneys to provide their former clients copies of records for free.

copies at no cost; indeed, such attorney–client matters are generally inappropriate for judicial superintendence. *See United States v. Mitchell*, No. 03-6938, 2003 WL 22999456, at *1 (4th Cir. Dec. 23, 2003) (per curiam). As styled, Petitioner's Motion is without merit.

This does not end the matter, though. Petitioner's Motion indicates that his goal is to obtain free transcripts. Liberally construing Petitioner's Motion in view of that goal, this Court will consider whether he is entitled to free copies under 28 U.S.C. § 753(f) (2006).

A prisoner seeking habeas relief may, in some circumstances, obtain copies of transcripts at the expense of the government. *See id.* However, to qualify for he must properly demonstrate his indigence and a particularized, substantial need for the transcripts. *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972). "It is settled in this circuit that 'an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.'" *Id.* at 152 (quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)). Petitioner has not demonstrated either his indigence or any particularized, substantial need for the records he seeks. He has not asserted impoverishment at all, and it is not sufficient to state baldly that copies of records are needed to assist in filing for collateral relief.

Furthermore, although Petitioner intends to move for relief pursuant to 28 U.S.C. § 2255, he has not yet done so. Accordingly, his request is premature. *See*

*United States v. Webb*, 54 F. App'x 588, 588 (4th Cir. 2003) (per curiam); *Vargas v. United States*, No. 4:09-cv-70110-RBH, 2010 WL 1664452, at *1 (D.S.C. Apr. 23, 2010).

IT IS THEREFORE ORDERED that Petitioner's Motion (ECF No. 94) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June _7_, 2011
Anderson, South Carolina

## <u>NOTICE OF RIGHT TO APPEAL</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.