UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 6:07-cr-01207-GRA-1 |
| ) | |
| v. ) | |
| ) | |
| James Anthony Williams, ) | **ORDER** |
| ) | (Written Opinion) |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Defendant's "Motion to Modify Term of Imprisonment Pursuant to Title 18 USC § 3582(c)(2)," filed on April 21, 2014.[1] ECF No. 125. For the reasons stated herein, this Court denies Defendant's Motion.

## **Background**

On September 27, 2007, Defendant and two other individuals, Grissett and Sullivan, robbed the Grand South Bank in Fountain Inn, South Carolina. ECF No. 1. Defendant and Grissett vaulted over the teller counter and demanded money while Sullivan remained in the bank's lobby brandishing a 12 gauge shotgun. *Id.* The three males fled the bank, entered a white Chevrolet Caprice, and were eventually apprehended by police after the vehicle was observed traveling north on I-85 in Spartanburg County. *Id.* All three subsequently confessed to robbing the bank. *Id.*

On February 22, 2008, Defendant was sentenced to 125 months imprisonment after pleading guilty to armed bank robbery ("Count One") and possession of a weapon during a crime of violence ("Count Two"), in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1)(A) respectively. *See* ECF Nos. 28, 48, 82 & 125.

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). In the current case, the envelope was stamped by the United States Penitentiary, Atwater, on April 21, 2014. ECF No. 125-1.

Defendant's sentence consisted of 41 months imprisonment as to Count One and 84 months consecutive as to Count Two.  See ECF No. 82.

Defendant filed a Motion to Reduce Sentence on March 29, 2012, arguing that his sentence was calculated incorrectly.  See ECF No. 102.  This Court denied this motion on April 2, 2012.  See ECF No. 104.  Defendant appealed this decision, and this Court's denial was upheld by the United States Court of Appeals for the Fourth Circuit.  See ECF Nos. 106, 111, & 112.  Defendant filed another Motion to Reduce Sentence on October 4, 2012, again arguing that his sentence was calculated incorrectly.  ECF No. 113.  This Court denied Defendant's Motion on October 10, 2012.  ECF No. 114.  On June 27, 2013, Defendant asked this Court to reconsider its October 10, 2012, denial.  ECF No. 116.  In an Order dated July 3, 2013, this Court explained that it lacked jurisdiction to rule on Defendant's Motion for Reconsideration, and that this Court would construe his Motion as a 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody unless Defendant filed an objection with the Clerk of Court within twenty days asking the Court to not construe the Motion as a § 2255 Petition.  ECF No. 117.  Defendant objected to this construction, ECF No. 120, and this Court did not construe his Motion as a § 2255 Petition, ECF No. 122.  Defendant filed the current Motion on April 21, 2014, asking this Court to reduce the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 125.

### Standard of Review

Defendant brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). However, a court may not construct the *pro se* litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Under Section 3582(c)(2) of Title 18 of the United States Code, a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the United States Sentencing Guidelines has subsequently been lowered by the Sentencing Commission.[2] Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1). If an amendment is not listed in § 1B1.10(c), it may not be applied retroactively in a § 3582(c)(2) motion. U.S.S.G. § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009). Defendant's Motion

---

[2] 18 U.S.C. § 3582(c) states that a court "may not modify a term of imprisonment once it has been imposed except that—"

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

is based on amendment 599, which is listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(c).  However, Defendant was sentenced on February 22, 2008, years after amendment 599 took effect on November 1, 2000.  U.S.S.G. app. C, amend. 599 (effective Nov. 1, 2000); *see* U.S.S.G. § 2k2.4, cmt. n. 4[3] (2007).  Therefore, the Guidelines range applicable to Defendant was not subsequently lowered by amendment 599.

Regardless, Defendant "moves this honorable court to modify his term of imprisonment in light of retroactive amendment 599 of the U.S. Sentencing Guidelines, which became effective Nov. 1, 2000 and is listed under 1B1.10(c) as a retroactive amendment."  ECF No. 125 (citing U.S.S.G. § 1B1.10(c)).  Amendment 599 alters the commentary to U.S.S.G. § 2K2.4, a section providing sentencing guidelines for violations of § 924(c), by amending Note 2 to state that "[i]f a sentence under this guideline [U.S.S.G. § 2K2.4(b)] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."  U.S.S.G. app. C, amend. 599 (2000); *see* U.S.S.G. § 2k2.4, cmt.. n. 4 (2007).  Defendant is correct that amendment 599 forbids a weapons enhancement, such as an increase under U.S.S.G. § 2D1.1(b)(1), when a defendant is sentenced under 18 U.S.C. § 924(c) in conjunction with convictions for other offenses.  ECF No. 125.

Defendant argues that, based on amendment 599, his base offense level was incorrectly increased two-levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.  ECF No. 125; *see* U.S.S.G. § 2D1.1(b)(1).  However,

---

[3] The language of Amendment 599 had been moved from commentary note 2 to commentary note 4 by the 2007 version of the U.S. Sentencing Guidelines Manual, which was used in Defendant's case, ECF No. 103 at 7.

Defendant's Presentence Investigation Report ("PSR") did not reflect an enhancement under U.S.S.G. § 2D1.1(b)(1).  *See* ECF No. 103.  Defendant's PSR states Defendant's total offense level as 20, calculated by starting with a base offense level of 20 for violation of 18 U.S.C. § 2113(d) under U.S.S.G. § 2B3.1, applying a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(1) because property was taken from a financial institution, applying a one-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(7)(B) for an intended loss of greater than $10,000, then reducing the offense level by two levels pursuant to U.S.S.G. § 3E1.1(a) and an additional level pursuant to U.S.S.G. § 3E1.1(b) for Defendant's acceptance of responsibility.  ECF No. 103.  Accordingly, Defendant's PSR did not reflect an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), and in fact, Defendant did not receive any weapons enhancement on his 18 U.S.C. § 2113(d) charge.  Therefore, Defendant's "double-counting" argument is without merit.

**IT IS THEREFORE ORDERED** that Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

May  29 , 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **sixty (60)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**