UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James A. Williams,                   )<br>                                              )<br>                    Petitioner,     )<br>                                              )<br>v.                                         )<br>                                              )<br>United States of America,         )<br>                                              )<br>                    Respondent.   )<br>_____ ) | C/A No: 6:07-cr-01207-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Petitioner James Williams' *pro se* Petition for a writ *audita querela* pursuant to 28 U.S.C. § 1651, filed September 28, 2015. For the reasons stated below, the petition is DENIED.

On September 27, 2007, Defendant and two other individuals, Grissett and Sullivan, robbed the Grand South Bank in Fountain Inn, South Carolina. ECF No. 1. Defendant and Grissett vaulted over the teller counter and demanded money while Sullivan remained in the bank's lobby brandishing a 12 gauge shotgun. *Id.* The three males fled the bank, entered a white Chevrolet Caprice, and were eventually apprehended by police after the vehicle was observed traveling north on I-85 in Spartanburg County. *Id.* All three subsequently confessed to robbing the bank. *Id.*

On February 22, 2008, Defendant was sentenced to 125 months imprisonment after pleading guilty to armed bank robbery ("Count One") and possession of a weapon during a crime of violence ("Count Two"), in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1)(A), respectively. *See* ECF Nos. 28, 48, 82, & 125.

Defendant's sentence consisted of 41 months imprisonment as to Count One and 84 months consecutive as to Count Two. *See* ECF No. 82.

Defendant filed a Motion to Reduce Sentence on March 29, 2012, arguing that his sentence was calculated incorrectly. *See* ECF No. 102. This Court denied the motion on April 2, 2012. *See* ECF No. 104. Defendant appealed this decision, and the United States Court of Appeals for the Fourth Circuit affirmed this Court's ruling. *See* ECF Nos. 106, 111, & 112. Defendant filed another Motion to Reduce Sentence on October 4, 2012, again arguing that his sentence was calculated incorrectly. ECF No. 113. This Court denied Defendant's Motion on October 10, 2012. ECF No. 114.

On June 27, 2013, Defendant asked this Court to reconsider its October 10, 2012 denial. ECF No. 116. In an Order dated July 3, 2013, this Court explained that it lacked jurisdiction to rule on Defendant's Motion for Reconsideration, and that this Court would construe his motion as a 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody unless Defendant filed an objection with the Clerk of Court within twenty days asking the Court to not construe the Motion as a § 2255 Petition. ECF No. 117. Defendant objected to this construction, ECF No. 120, and this Court did not construe his Motion as a § 2255 Petition, ECF No. 122. On April 21, 2014, Defendant filed a Motion, asking this Court to reduce the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 125. This Court denied the motion on May 29, 2014. ECF No. 127.

Defendant filed the current motion on September 28, 2015, arguing he is entitled to relief under 28 U.S.C. § 1651 *audita querela* because the district court ordered he pay a consecutive special assessment fee in the amount of $100.00

dollars upon each count of the indictment to which he pleaded guilty in violation of the double jeopardy clause. ECF No. 129. The Court DENIES Petitioner's petition for issuance of a writ of *audita querela* for the reasons set forth below.

The All Writs Act, 28 U.S.C. § 1651, "is a residual source of authority [by which a district court] may issue writs that are not otherwise covered by statute." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

> At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment. *Audita querela* has been expressly abolished in civil cases by the Rules of Civil Procedure. *See* Fed. R. Civ. P. 60(b). The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502, and the All Writs Act.

*United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001); *see also, United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]t 'is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.'") (citations omitted). However, the writ of *audita querela* is not available to a federal prisoner where post-conviction relief is cognizable pursuant to 28 U.S.C. § 2255. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing *In re Rushing–Floyd*, 62 Fed.Appx. 64, 64–65 (4th Cir. 2003)). Furthermore, the writ of *audita querela* is not available to circumvent the gatekeeping rules of § 2255 and its one year limitations period. *Valdez-Pacheco*, 237 F.3d at 1080.

Here, Petitioner's claim is cognizable in a § 2255 motion to vacate his conviction and sentence; however Petitioner's claim falls outside the one year

limitations period. The writ of *audita querela* is not an appropriate avenue to assist Petitioner in circumventing § 2255's one year statute of limitations period. Thus, the Court DENIES Petitioner's petition for issuance of a writ of *audita querela*.

    IT IS SO ORDERED.

*/s/ G. Ross Anderson, Jr.*

G. Ross Anderson, Jr.
Senior United States District Judge

November 17, 2015
Anderson, South Carolina